IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CEDRIC NICKERSON | § | |
|     TDCJ-CID #681323 | § | |
| v. | § | C.A. NO. C-11-097 |
| | § | |
| RICHARD CRITES, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983.  (D.E. 1).  Plaintiff filed a motion to proceed in forma pauperis as well as a current copy of his inmate trust fund account statement.  (D.E. 5).

## I.  THREE STRIKES RULE

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA), including the three strikes rule, 28 U.S.C. § 1915(g).  The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals in forma pauperis.  28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  The three strikes rule provides an

exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee.  28 U.S.C. § 1915(g).

## II. <u>ANALYSIS</u>

Plaintiff Cedric Nickerson is also known as Cedric Pierre Webb.  <u>See</u> <u>United States v. Webb</u>, No. 96-40570, 1997 WL 115286 (5th Cir. Feb. 24, 1997) (per curiam) (unpublished); <u>Nickerson v. Doughty</u>, No. 1:06cv374, 2007 WL 30897 (E.D. Tex. Jan. 4, 2007) (unpublished); <u>Nickerson v. Crites</u>, No. CC-08-122, 2009 WL 1545992 (S.D. Tex. Mar. 12, 2009) (unpublished); <u>In re Nickerson</u>, No. 13-04-376, 2004 WL 1837696 (Tex. App. Aug. 17, 2004) (per curiam) (unpublished); <u>Nickerson v. State</u>, No. 01-94-666-CR, 1995 WL 370300 (Tex. App. June 22, 1995) (per curiam) (unpublished).  He has filed actions with a federal inmate number of 61939-079 as well as TDCJ inmate numbers of 463534 and 681323. (D.E. 1, at 5).

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  <u>See</u> <u>United States v. Webb</u>, 1997 WL 115286; <u>Nickerson v. U.S. Marshal's Office, et al.</u>, No. 5:96cv235 (N.D. Tex. July 16, 1997); <u>Nickerson v. Klevenhagen</u>, No. 4:95cv4089 (S.D. Tex. Mar. 13, 2000); <u>Nickerson v. Justices of the Texas Supreme Court, et al.</u>, No. 2:03cv411 (S.D. Tex. Dec. 2, 2003); <u>Nickerson v. Castro, et al.</u>,

No. 6:05cv139 (E.D. Tex. June 13, 2005); <u>Nickerson v. Crites</u>, 2009 WL 1545992;

<u>Nickerson v. Price,</u> No. 6:09cv160, 2009 WL 1956284 (E.D. Tex. July 9, 2009).

Plaintiff is now barred from filing a civil suit unless he is in imminent danger of

physical injury.

In this action, plaintiff is suing Richard Crites, a warden at the McConnell

Unit, A. Gaitan; a classification officer at the McConnell Unit, Officer Silvas, a

grievance investigator at the McConnell Unit; and James Fitts, a medical doctor at

the McConnell Unit.  (D.E. 1, at 4).  He alleges that he was transferred to the

McConnell Unit on August 8, 2007 because of physical threats at his previous unit.

<u>Id.</u> at 5.  He claimed that he told both Warden Crites and Officer Gaitan that if he

were placed in general population, he would be at risk from Crips gang members.

<u>Id.</u>  They both denied his request for protective custody.  <u>Id.</u> at 5-6.  He alleges that

on January 21, 2008 he was assaulted by Crips gang members.  <u>Id.</u> at 6.  He alleges

that he had filed grievances with Officer Silvas which were not properly handled.

<u>Id.</u>  He alleges that Dr. Fitts denied him medical care in retaliation for filing

grievances against him.  <u>Id.</u>  At the time he filed this action, plaintiff was

incarcerated at the Clements Unit.

This Court must assess whether plainiff is exposed to imminent danger of

serious injury at the time that he filed his motion.  <u>Choyce v. Dominguez,</u> 160 F.3d

1068, 1071 (5th Cir. 1998) (per curiam) (citing <u>Banos</u>, 144 F.3d at 884-85).

Courts have determined that in order to meet the imminent danger requirement of

§ 1915(g), the threat must be "real and proximate."  <u>Ciarpaglini v. Saini</u>, 352 F.3d

328, 330 (7th Cir. 2003) (citation omitted).  The harm must be imminent or

occurring at the time the complaint is filed, and the plaintiff must refer to a

"genuine emergency" where "time is pressing."  <u>Heimerman v. Litscher</u>, 337 F.3d

781, 782 (7th Cir. 2003) (per curiam) (citation omitted).  In passing the PLRA,

Congress intended a safety valve to prevent impending harms, not those injuries

which allegedly had already occurred.  <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307,

315 (3d Cir. 2001) (en banc).  Plaintiff has not alleged any facts to suggest that he

is in imminent danger of physical injury.  Indeed, his claims all concern events

alleged to have occurred at the McConnell Unit even though he was at the

Clements Unit when he filed his action which removed the possibility that he was

subject to any imminent danger.

## III.  <u>RECOMMENDATION</u>

Plaintiff has lost the privilege of proceeding *in forma pauperis*, and he has

failed to allege that he is in imminent danger of physical harm.  Accordingly, it is

respectfully recommended that plaintiff's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>,

(D.E. 5), be denied.  Furthermore, it is respectfully recommended that this action

be dismissed without prejudice.  Finally, it is respectfully recommended that plaintiff be permitted to move to reinstate the lawsuit, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate.

Respectfully submitted this 6th day of May 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).